UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JACQUIE HART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: _____ |
| | ) | |
| CONCENTRIX CORPORATION, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Defendant Concentrix Corporation ("Concentrix") by and through the undersigned counsel, hereby removes Case No. 17PR-CC00005, *Jacquie Hart v. Concentrix Corporation*, an action from the Circuit Court of the County of Perry in the State of Missouri ("State Court Action") to the United States District Court for the Eastern District of Missouri. Concentrix removes the State Court Action under 28 U.S.C. §§ 1331, 1332, 1441(a), and 1446, on the factual and legal grounds discussed below.

### STATE COURT ACTION PLEADING AND PROCESS

1. On or about February 22, 2017 the above-captioned action was commenced in the Circuit Court of the County of Perry in the State of Missouri, entitled *Jacquie Hart v. Concentrix Corporation*, and assigned Case No. 17PR-CC00005 ("Complaint").

2. On or about February 23, 2017 Concentrix was served with a Summons and the Complaint. A complete copy of the file from the State Court Action, including copies of all pleadings, process, orders and other documents filed in the State Court Action are attached hereto as Exhibit A, in accordance with 28 U.S.C. § 1446(a) and E. D. Mo. L. R. 2.03.

**FEDERAL QUESTION JURISDICTION**

3. A state court action may be removed to this Court if it is one "of which the district courts of the United States have original jurisdiction." 28 U.S. C. § 1441(a).

4. Federal district courts have original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §§ 1331; 1441(a). Any such action may be removed to the district court if it is originally filed in a state court:

> Any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Removal on such "federal question" grounds is proper even if the parties are not of diverse citizenship, and without regard to the amount in controversy. 28 U.S.C. § 1441(b).

5. Plaintiff alleges Concentrix violated the Fair Labor Standards Act, 20 U.S.C. §§ 201 *et seq*. ("FLSA"). See Complaint, Parties ¶¶ 1, 5, Count I, ¶¶ 51-52, Count II, ¶¶ 59-60, 63-64, 67-69. This action thus "arises under" the laws of the United States, satisfying the requirements for federal question jurisdiction.

6. Plaintiff's wrongful discharge claim also cites to the FLSA, 29 U.S.C. § 201 *et seq*. See Complaint, Count I, ¶¶ 51-52. Thus, Plaintiff relies upon an interpretation of the FLSA, a federal statute, in support of her retaliatory and wrongful discharge claim. As such, this case is properly removed to this Court. See *Grable & Sons Metal Prods. Inc. v. Darue Eng'g & Mfg.*, 545 US. 308, 312, 125 S. Ct. 2363 (2005) (recognition of federal jurisdiction over "state-law claims that implicate significant federal issues . . . ."); *Illig v. Union Elec. Col*, 334 F. Supp. 2d

1151, 1154 (E.D. Mo. 2004) (finding federal question jurisdiction where right to relief under state law requires an interpretation of federal law).

## SUPPLEMENTAL JURISDICTION

7. In the State Court Action, Plaintiff also alleges state law claims for violation of the State of Missouri, Missouri Wage and Hour Laws, Mo. Rev. Stat. § 290.010 *et seq*. See Complaint, Parties ¶¶ 1, 5, Count I, ¶¶ 51-52, Count II, ¶¶ 59.

8. This Court has supplemental jurisdiction over these state law claims because they "form part of the same case or controversy" as Plaintiff's FLSA claims. 28 U.S.C. § 1367(a). Supplemental jurisdiction is proper if the causes of action in question "derive from a common nucleus of operative facts," such that Plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Amer. v. Gibbs*, 383 U.S. 715, 725 (1966).

9. Plaintiff's state law claim and her FLSA claim arise directly out of the same "nucleus of operative facts" as they are based on the same factual allegations, and would thus ordinarily be tried in one judicial proceeding.

10. Removal is thus proper as to the entire State Court Action under 28 U.S.C. §§ 1367; 1441.

## DIVERSITY JURISDICTION

11. As explained in further detail below, this Court also has diversity jurisdiction over Plaintiff's State Court Action, under 28 U.S.C. §§ 1332, because diversity of citizenship exists between the Plaintiff and Defendant, and because the amount in controversy exceeds $75,000 exclusive of interest and costs.

**Citizenship**

12. Upon information and belief, and as alleged by Plaintiff, at the time of the filing of this action, Plaintiff was, and still is, a citizen of the State of Missouri See Complaint, ¶¶ 3, 6-7, 13, 59.

13. Defendant Concentrix is incorporated in the State of New York and its principal place of business is in the State of New York. Therefore, Concentrix is a citizen of New York for the purposes of diversity jurisdiction under 28 U.S.C. § 1332 (c)(1), (providing that a corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal placed of business"); see also *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (providing that a corporation's principal placed of business is the place where "a corporation's officers direct, control and coordinate the corporation's activities," which is typically "the place where the corporation maintains its headquarters").

14. As demonstrated above, Concentrix is not a citizen of the State of Missouri and complete diversity of citizenship exists between the parties who are citizens of different states.

**Amount in Controversy**

15. "[W]hen determining the amount in controversy, the question 'is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are.'" *Raskas v. Johnson & Johnson*, 719 F. 3d 884, 887 (8th Cir. 2013) (emphasis in original) (quoting *Bell v. Hershey Co.*, 557 F. 3d 953, 959 (8th Cir. 2009)). Similarly in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551, 554 (2014), the defendant's Notice of Removal only needed to include a plausible allegation that the amount in controversy met the jurisdictional requirement.

16. Although Plaintiff's Complaint does not allege a specific amount in controversy, it is "facially apparent" that the amount in controversy exceeds $75,000, as Plaintiff seeks, *inter alia*, recovery for alleged compensatory, nominal, and punitive damages and attorney fees. See 28 U.S.C. § 1446(c)(2). More specifically, Plaintiff seeks recovery for significant "irreparable injury, pain and suffering, personal and physical injuries, monetary damages, loss of peace of mind, loss of wages, loss of benefits, loss of opportunity, . . . emotional distress," arising from alleged adverse employment actions including, but not limited to, wrongful retaliation and termination. See Complaint, Counts I-II, ¶¶ 23-24, 37, 39-41, 43-48, 54-56. Plaintiff's Complaint specifically requests "an award of punitive damages in an amount sufficient to punish Defendant and/or to deter it and others from like conduct . . . ." See Complaint, ¶¶ 57-58, 71, 73.

17. In the Eighth Circuit, the amount in controversy is measured by "the value to the plaintiff of the right sought to be enforced." *Schubert v. Auto Owners I ns. Co*., 649 F.3d 817, 821 (8th Cir. 2011) (quoting *Advance Am. Servicing of Ark. v. McGinnis*, 526 F.3d 1170, 1173 (8th Cir. 2008)). "The jurisdictional fact . . . is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude they are." (*Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002)).

18. Pursuant to Plaintiff's Complaint seeking punitive damages, the value to the plaintiff of the right sought to be enforced for punitive damages alone is: "(1) Five hundred thousand dollars; or (2) Five times the net amount of the judgment awarded to the plaintiff against the defendant." See, Missouri Revised Statute 510.265 (1), (2); *Hervey v. Missouri Dep't' of Corr*., 379 S. W. 3d 156, 163 (Mo. 2012) (the "net amount of the judgment" includes attorney' fees).

19. The Eighth Circuit allows compensatory damages, punitive damages and attorneys' fees to establish the amount in controversy. *See Allison v. Sec. Benefit Life Ins. Co.,* 980 F.2d 1213, 1215 (8th Cir. 1992) (punitive damages); *Capitol Indem. Corp. v. Miles,* 978 F.2d 437, 438 (8th Cir. 1992) (attorney's fees).

20. The Court may consider whether it is facially apparent from the Complaint that the jurisdictional amount is met. *Quinn v. Kimble,* 228 F. Supp. 2d 1036, 1038 (E.D. Mo. 2002). Accordingly, considering the nature of all of the claims and allowable damages alleged by Plaintiff in her 73 paragraph Complaint, and as described above, it is apparent from the face of the Complaint that the punitive damages calculation alone puts the amount in controversy well in excess of the $75,000 requirement. Although Concentrix denies any liability, and does not agree that any such relief is warranted, on the issue of removal, it must be in the calculation of the amount in controversy.

21. "When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so."
28 U.S.C. § 1446(c)(2)(a).

22. In this matter, on or about March 15, 2017 after receiving a copy of Plaintiff's Complaint, Defendant's counsel, Elizabeth Peters, contacted Plaintiff's counsel, Jeremy Hollingshead, and asked if Plaintiff would stipulate to limit Plaintiff's recovery to $75,000, and was informed that Plaintiff would not. See. Exhibit B, Declaration of Elizabeth Peters. Thus, Plaintiff has clarified and affirmed that the amount in controversy is in excess of $75,000, and the jurisdictional amount in controversy requirement of 28 U.S.C. § 1332 is satisfied.

## VENUE

23. Venue is appropriate in this Court, under 28 U.S.C. § 1391(b)(2), because a substantial part of the alleged events or omissions giving rise to Plaintiff's claims occurred in Perry County, Missouri, and the Circuit Court of the County of Perry, State of Missouri is within this District. See Complaint, ¶¶ 2-3, 6-8.

## REMOVAL IS TIMELY

24. This notice of removal is timely pursuant to 28 U.S.C. § 1446(b) and Rule 6 of the Federal Rules of Civil Procedure, as:

    a. Plaintiff filed her Complaint on or about February 22, 2017;

    b. Concentrix was served with a Summons and the Complaint on or about February 23, 2017;

    c. Concentrix now files this Notice of Removal within 30 days of receiving service of the Summons and the Complaint.

## CONCENTRIX HAS SATISFIED ALL OTHER REQUIREMENTS FOR REMOVAL

25. Concentrix has served written notice on all adverse parties with a copy of this Notice of Removal, pursuant to 28 U.S.C. § 1446(d).

26. Concentrix filed a Notice of Filing of Notice of Removal and a copy of this Notice in the Circuit Court of the County of Perry, State of Missouri, in accordance with 28 U.S.C. § 1446(d).

27. Concentrix has completed and attached hereto the Civil Cover Sheet pursuant to this Court's Removal Checklist.

28. For all of the foregoing reasons, this Court has original jurisdiction over this lawsuit. 28 U.S. C. §§ 1331, 1332, and 1446.

29. The allegations of this Notice of Removal are true and correct and this cause is within the jurisdiction of, and removable to, the United States District Court for the Eastern District of Missouri, Southeastern Division.

30. If any question arises as to the propriety of the removal of this action Concentrix requests the opportunity to submit a brief and present oral argument in support of its position that this case was properly removed.

WHEREFORE, Defendant Concentrix Corporation respectfully gives notice that this action is removed from the Circuit Court of the County of Perry, State of Missouri to the United States District Court for the Eastern District of Missouri, Southeastern Division.

Respectfully submitted,

MASUD LABOR LAW GROUP, P.C.

By: /s/ Elizabeth Peters

Elizabeth L. Peters (P39638MI)
Masud Labor Law Group
4449 Fashion Square Boulevard
Suite 1
Saginaw, MI 48603
(989) 792-4499 – office
(989) 792-7725 – fax
www.masudlaborlaw.com
Lpeters@masudlaborlaw.com

THE LIMBAUGH FIRM

By /s/ John W. Grimm

John W. Grimm - #34834MO
407 N. Kingshighway, P.O. Box 1150
Cape Girardeau, MO 63702-1150
Telephone: (573) 335-3316
Facsimile: (573) 335-1369
Email: jgrimm@limbaughlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2017, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

/s/ Elizabeth L. Peters
ELIZABETH L. PETERS
Attorney for Defendant